UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EDWARD KRANEPOOL,

                                 Plaintiff,            **Docket No.:**

     -against-                                 **18-CV-03724-ADS-AKT**

BECKETT AUCTIONS, LLC d/b/a
GOODWIN & CO.,

                                 Defendant.
-------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY

**HARFENIST KRAUT & PERLSTEIN LLP**

*Attorney for Plaintiff*
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
P:  (516) 355-9600
F:  (516) 355-9601

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... i

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS .........................................................................................................2

      I.   PROCEDURAL BACKGROUND ...............................................................................2
     II.   KRANEPOOL'S TREATING NEPHROLOGIST ......................................................3

ARGUMENT ...............................................................................................................................3

POINT I.    AS A RESULT OF KRANEPOOL'S HEALTH ISSUES THE COURT
                SHOULD DIRECT THAT DISCOVERY BE COMPLETED ON AN
                EXPEDITED BASIS .....................................................................................3

CONCLUSION ............................................................................................................................6

## **TABLE OF AUTHORITIES**

**Cases**

*Ayyash v. Bank Al–Madina*
   233 F.R.D. 325, 326–27 (S.D.N.Y.2005). ................................................................................ 4
*Cabana v. Forcier*
   200 F.R.D. 9, 14 (D.Mass. 2001) ............................................................................................. 4
*Digital Sin, Inc. v. Does 1–176*
   279 F.R.D. 239, 241 (S.D.N.Y.2012) ....................................................................................... 4
*Hollins v. U.S. Tennis Ass'n*
   468 F.Supp.2d 67 (E.D. N.Y. 2006).......................................................................................... 5
*In re Subpoena Issued to Dennis Friedman*
   350 F.3d 65, 69 (2d Cir.2003)................................................................................................... 3
*KeyBank, Nat'l Assoc. v. Quality Payroll Sys., Inc.*
   2006 WL 1720461, at *4 (E.D.N.Y. June 22, 2006)................................................................. 4
*Metro. Life Ins. Co. v. RJR Nabisco, Inc.*
   906 F.2d 884, 891 (2d Cir.1990)............................................................................................... 3
*New York v. Mountain Tobacco Co.*
   2013 WL 3488262, at *3 (E.D.N.Y. July 11, 2013) ................................................................. 4
*North Atlantic Operating Co. Inc. v. Evergreen Distributors, LLC*
   293 F.R.D. 363, 86 Fed.R.Serv. 3d 1165 (E.D.N.Y. 2013). ..................................................... 4
*Raza v. City of New York*
   998 F.Supp.2d 70, 75 (E.D.N.Y. 2013)..................................................................................... 4
*Simon v. Republic of Hungary*
   2012 WL 13069772 (D.D.C. 2012).......................................................................................... 4
*Telesca v. Long Island Hous. P'ship, Inc.*
   No. CV 05-5509(ADS)(ETB), 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006) ................ 5

## PRELIMINARY STATEMENT

This matter is before the Court on the motion of Plaintiff, Edward Kranepool, ("Kranepool") a well-known former major league baseball player with the New York Mets, for expedited discovery pursuant to FRCP 26. The basis of this request is Kranepool's advanced chronic kidney disease which will require a transplant.

In late 2016, Kranepool provided Bill Goodwin ("Goodwin") of Beckett Auctions, LLC, ("Beckett") a New York Yankees jersey having belonged to Mickey Mantle (the "Mantle Jersey"). The Mantle Jersey has been given to Kranepool by the Yankee all-time great as a gift in 1964 after the Mayor's trophy game between the Mets and Yankees. The jersey was provided on consignment for the purpose of authenticating and eventual sale by auction.

Beckett never auctioned the jersey and has refused to account for the very valuable sports collectible despite Kranepool's demands for its return less than one-year later. Since there was no written agreement for the Mantle Jersey, this entire matter will hinge on the oral testimony of Kranepool, Goodwin, and witnesses to the transaction, along with certain text messages sent by Goodwin.

The parties have engaged in documentary discovery and exchanged documents and interrogatory responses, along with objections to the requests. Despite Beckett filing a second Motion to Dismiss, Kranepool hereby requests that the limited stay issued by the Court at the Rule 16 conference be lifted so that all discovery could be completed on an expedited basis.

## STATEMENT OF FACTS

**I.      PROCEDURAL BACKGROUND**

Kranepool filed his original complaint with the Nassau County Clerk on April 27, 2018, which was removed to the United States District Court, Eastern District of New York on June 27, 2018 (ECF Doc. 1). On June 29, 2018, Beckett moved to dismiss the complaint and Kranepool cross-moved to amend the complaint. (ECF Doc. 5 and 6). By decision and order dated November 14, 2018, Beckett's motion to dismiss was denied as moot and Kranepool was granted leave to file the amended complaint (the "Amended Complaint"). (ECF Doc. 17).

The Amended Complaint was filed on November 15, 2018 and interposes six causes of action: i) breach of oral contract for the consignment of the Mantle Jersey (first cause of action); ii) breach of oral contract for the players' list (second cause of action); iii) conversion (third cause of action); iv) breach of fiduciary duty (fourth cause of action); v) promissory estoppel (fifth cause of action); and vi) unjust enrichment (sixth cause of action). (ECF Doc. 18). On December 13, 2018, Beckett filed a motion to dismiss the Amended Complaint which has been fully briefed. (ECF Doc. 21, 23 and 24).

From a factual standpoint, Beckett claims it never received the jersey from Kranepool.

On or about October 24, 2018 the Court conducted a Rule 16 scheduling conference. (ECF Doc. 12) As a result Beckett's motion to dismiss, the Court directed that documentary discovery be conducted but stayed depositions until the motion to dismiss was decided. (ECF Doc. 14).

On November 5, 2018, Kranepool filed a letter motion seeking leave to proceed with expedited discovery including depositions regardless of whether Beckett's Rule 12(b)(6) motion was pending (the "Letter Motion"). (ECF Doc. 15).

2

By Order dated November 28, 2018, the Letter Motion was denied, with leave to renew, upon the submission of information from Kranepool's treating physician and authority for the Court to direct expedited discovery.

Finally, both Kranepool and Beckett have served their responses to document demands and interrogatories along with objections.

## II.     KRANEPOOL'S TREATING NEPHROLOGIST

Dr. Jeffrey Cohen, Kranepool's treating physician has affirmed that Kranepool has advanced kidney disease.  (See accompanying affirmation of Dr. Jeffrey Cohen, dated January 25, 2019 "Cohen Affirmation") Dr. Cohen details Kranepool's condition, future treatment, ability to participate in judicial proceedings and general prognosis in his affirmation which is being filed under seal as per the Court's Order of November 28, 2018.

## ARGUMENT

## POINT I

## AS A RESULT OF KRANEPOOL'S HEALTH ISSUES THE COURT SHOULD DIRECT THAT DISCOVERY BE COMPLETED ON AN EXPIDITED BASIS

The management of discovery, including the timing and scope of discovery, lies within the sound discretion of the Court. *See In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 69 (2d Cir.2003) ("the federal rules give district courts broad discretion to manage the manner in which discovery proceeds"); *see also Metro. Life Ins. Co. v. RJR Nabisco, Inc.,* 906 F.2d 884, 891 (2d Cir.1990) ("Where discovery is warranted, the court should exercise its inherent power to limit and expedite it.").

3

The Courts commonly contemplate two approaches when considering a request for expedited discovery – the "reasonableness test" and the more exacting *Notaro* test. *Simon v. Republic of Hungary* 2012 WL 13069772 (D.D.C. 2012) Courts in the Eastern District have regularly applied the "flexible standard of reasonableness and good cause" set out in *Ayyash v. Bank Al–Madina,* 233 F.R.D. 325, 326–27 (S.D.N.Y.2005). They have generally rejected the *Notaro* approach as too restrictive. *North Atlantic Operating Co. Inc. v. Evergreen Distributors, LLC* 293 F.R.D. 363, 86 Fed.R.Serv. 3d 1165 (E.D.N.Y. 2013). *See, e.g., KeyBank, Nat'l Assoc. v. Quality Payroll Sys., Inc.,* 2006 WL 1720461, at *4 (E.D.N.Y. June 22, 2006); *New York v. Mountain Tobacco Co.,* 2013 WL 3488262, at *3 (E.D.N.Y. July 11, 2013) (rejecting *Notaro* and applying the "reasonableness" test); *Digital Sin, Inc. v. Does 1–176,* 279 F.R.D. 239, 241 (S.D.N.Y.2012) (applying standard of "reasonableness and good cause" in determining expedited discovery request); *Raza v. City of New York*, 998 F.Supp.2d 70, 75 (E.D.N.Y. 2013)  Under this more liberal approach, the Court accounts for the "reasonableness of the request in light of all surrounding circumstances." *Simon* quoting *Human Soc'y of the U.S.* 2007 WL 1297170 at *3.

Generally, expedited discovery seems to have been directed when motions for preliminary injunctions are pending. Often, the application is made before even a Rule 16 conference has been held.  However, there is no limitation to those cases. In this case, Kranepool's chronic kidney failure and its effect on him, as outlined by Dr. Jeffrey Cohen, warrant's expediting discovery and the resolution of this matter. *Cabana v. Forcier*, 200 F.R.D. 9, 14 (D.Mass. 2001)(expedited discovery ordered due to plaintiff's illness)

The Court's basis for staying all discovery, with the exception of "paper discovery", was Defendant's Rule 12(b)(6) motion pending before Judge Spatt. While this Court, which generally utilizes this type of limited stay when motions to dismiss are pending, was well within its discretion

4

to do so under Rule 26(c), there is nothing in the FRCP or case law that requires it. The mere filing of a motion to dismiss does not in and of itself warrant a stay of discovery. *Telesca v. Long Island Hous. P'ship, Inc.*, No. CV 05-5509(ADS)(ETB), 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006); *Hollins v. U.S. Tennis Ass'n*, 468 F.Supp.2d 67 (E.D. N.Y. 2006). However, in this particular case the partial stay of discovery is inappropriate and discovery should be conducted on an expedited basis.

      Initially, Kranepool's treating physician details his condition and the circumstances which will arise that put his ability to actively participate in the litigation at risk in his affirmation which is filed under seal. Kranepool is perhaps in the best conduction to participate in discovery he will be any time in the future.

      Secondly, the parties have already engaged in documentary discovery, which is usually the most intensive and expensive component to discovery. In this case, it is very limited. What is left is depositions and expert disclosure (which is limited to the value of the jersey). This is not an enormous undertaking as the whole focus of this litigation is a single transaction between two parties. While there will be non-party depositions, they certainly are not extensive and do not involve voluminous documents.

      Finally, the Defendant will not be prejudiced by moving forward with depositions and expert disclosure on an expedited basis. It is the stage in which the case is currently postured. Frankly, with the exception of the pending Rule 12(b)(6), this case has organically moved to the deposition phase due to the limited nature of the question at bar…what happened to the Mantle jersey?

## CONCLUSION

For all of the foregoing, the Court should grant Kranepool's request for expedited discovery, including depositions and expert disclosure, and for such other and further relief as may be just and proper under the circumstances.

Dated: Lake Success, New York
       February 5, 2019

                            **HARFENIST KRAUT & PERLSTEIN, LLP**
                            *Attorneys for Plaintiff*

      By:               S/
                            Steven J. Harfenist
                            3000 Marcus Avenue, Suite 2E1
                            Lake Success, New York 11042
                            sharfenist@hkplaw.com
                            (516)355-9600

SH/D312612/FL2935